## SEXTON MFG. CO. et al. v. CHESTER-FIELD SHIRT CO.

Court of Appeals of District of Columbia.
Submitted January 16, 1928. Decided
February 6, 1928.

No. 2025.

Trade-marks and trade-names and unfair competition ⬤⟳34—Attempted sale of trademark, unaccompanied by any business, held to confer no rights on buyer.

Where one registering word "Chesterfield" as trade-mark made no trade-mark use of such word, attempted sale of mark, unaccompanied by any business, conferred no rights on buyer.

Appeal from the Commissioner of Patents.

Declaration of interference between the Sexton Manufacturing Company and another and the Chesterfield Shirt Company. From concurrent decisions of the Patent Office tribunals, refusing registration to the Sexton Manufacturing Company, it appeals. Affirmed.

S. G. Tate, of Washington, D. C., and T. H. Creighton, of Fairfield, Ill., for appellant.

H. G. Hunt, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in a trade-mark interference proceeding, refusing registration to the Sexton Manufacturing Company of the word "Chesterfield," on the ground of prior adoption and use by the appellee of the same mark on the same class of goods.

Upon the declaration of the interference between the Sexton Company and the Chesterfield Company, the Patent Office discovered that the same word had been registered to Schneider, the filing date of whose application was prior to the earliest date claimed by either the Sexton or the Chesterfield Companies. On the record, therefore, neither of these companies was entitled to registration. Thereupon both companies filed evidence tending to establish abandonment by Schneider of the mark. It is in evidence that Schneider attempted to sell his mark to the Chesterfield Company for $1,000, and that, his offer being refused, he sold it to the Sexton Company.

Patent Office tribunals, after a review of the evidence, have found that Schneider had made no trade-mark use of the word "Chesterfield"; and that the attempted sale of the mark, unaccompanied by any business, conferred no rights upon the Sexton Company. We concur in this ruling. Rice-Stix Dry Goods Co. v. Schwarzenbach-Huber Co., 47 App. D. C. 249.

It clearly appears, as found by the Patent Office, that, as between the Chesterfield Company and the Sexton Company, the Chesterfield Company was the first to adopt and use this mark.

The decision is affirmed.

Affirmed.